UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| ANTHONY BOUDOUIN,<br><br>Plaintiff,<br><br>vs.<br><br>DEPARTMENT OF THE NAVY, MILITARY SEALIFT FLEET SUPPORT COMMAND; RAY MABUS; SECRETARY OF THE NAVY; AND DOES 1-100, INCLUSIVE<br><br>Defendants. | Case No: C 09-4958 SBA<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO TRANSFER VENUE**<br><br>Docket 7 |

Plaintiff is a 58 year-old African American male employed as a Merchant Marine by the United States Navy. He brings the instant action against the Department of the Navy and its Secretary, Ray Maybus, for race discrimination and retaliation under Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C. § 2000e-2, *et seq.* and age discrimination under the Age Discrimination in Employment Act of 1967 (ADEA), 29 U.S.C. § 621, *et seq.* The parties are presently before the Court on Defendants' Motion to (1) Dismiss for Improper Venue or, Alternatively, Transfer Venue; (2) Dismiss FMLA Claims and Strike FMLA Allegations; (3) Dismiss Defendant Department of the Navy, Military Sealift Fleet Support Command; and (4) Dismiss Doe Defendants. (Docket 7.) Having read and considered the papers filed in connection with this matter and being fully informed, the Court hereby GRANTS the motion to transfer venue for the reasons set forth below. The Court, in its discretion, finds this matter suitable for resolution without oral argument. See Fed.R.Civ.P. 78(b).

## I. BACKGROUND

### A. FACTUAL SUMMARY

Plaintiff has worked for the Department of the Navy in the Military Seacraft Command since 1981. Boudouin Decl. ¶ 2; Compl. ¶ 44. For the past 15 years, he has sailed as a Chief Mate (second in command) on all ships to which he has been assigned. Boudouin Decl. ¶ 2; Compl. ¶ 44. Since 1995, his primary residence has been Oakland, California. Boudouin Decl. ¶ 6. However, he spends approximately 75% to 80% of the time or 9 to 10 months of every year at sea. Boudouin Decl. ¶ 6.

Each year since 2004, Plaintiff has applied for a promotion to Master (first in command) but, despite his "outstanding" performance reviews, has been rejected each time. Boudouin Decl. ¶¶ 3-5; Compl. ¶¶ 48-49. Plaintiff alleges that the Master promotions instead went to younger Caucasians with less experience and seniority. Compl. ¶ 51. Plaintiff filed complaints with the Assistant Director of the Equal Employment Opportunity Commission (EEOC), without success. Compl. ¶¶ 27-30, 53-55. In addition, Plaintiff claims that in May 2009, he was denied leave under the Family and Medical Leave Act (FMLA) in retaliation for submitting complaints of discrimination. Id. ¶¶ 65-67.

According to the Complaint, "[a]ll promotion decisions including denials of promotions applied for and denials of medical leave pursuant to the FMLA were made in Norfolk, Virginia. Id. ¶ 8; see also id. ¶ 61 ("Members of the Promotion Board in Virginia at the Military Sealift Fleet Support Command (MSFSC) from 2004 to the present always made the decision of who to promote and who not to promote."). Since 2008, Plaintiff's employment records have likewise been maintained in Norfolk, Virginia. Spanos Decl. ¶ 3. Id.[1]

### B. PROCEDURAL HISTORY

On October 19, 2009, Plaintiff filed the instant action in this Court against the Department of the Navy and Ray Maybus, Secretary of the Navy. The Complaint alleges three

---

[1] Plaintiff's employment records previously were kept in Oakland, California. Spanos Decl. ¶ 2. In 1997, the records were transferred to the MSFSC in Virginia Beach, Virginia, as part of a departmental consolidation and reorganization. Id. ¶ 2. In 2008, the MSFSC relocated to its present location in Norfolk, Virginia. Id.

claims for: (1) race discrimination in violation of Title VII; (2) age discrimination in violation of the ADEA; and (3) retaliation under Title VII. According to Plaintiff, these "three claims all arise out of the same operative facts." Pl.'s Opp'n at 13.

Pursuant to Federal Rule of Civil Procedure 12(b)(3), Defendants move to dismiss, or alternatively, to transfer for improper venue on the ground that the action should have been commenced in the Eastern District of Virginia, where the allegedly discriminatory decisions were made and where Plaintiff's employment records are located. In response, Plaintiff argues that venue is proper either in the Southern District of California on the ground that he is deployed from San Diego, California, or "possibly" this District based on his residence in Oakland, California. Pl.'s Opp'n at 10-13. The matter has been fully briefed and is now ripe for adjudication.

## II.    LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(3) allows a defendant to challenge a complaint based on improper venue. In considering such a motion, "[the] pleadings need not be accepted as true, and facts outside the pleadings may be considered." Doe 1 v. AOL LLC, 552 F.3d 1077, 1081 (9th Cir. 2009). Once venue is challenged, plaintiff bears the burden of showing that venue is proper. Piedmont Label Co. v. Sun Garden Packing Co., 598 F .2d 491, 496 (9th Cir.1979). Venue must be established as to each claim. See Lamont v. Haig, 590 F.2d 1124, 1135 (D. D.C. 1978).

If the court determines that venue is improper, it may dismiss the case, or, in the interest of justice, transfer it to any district in which it properly could have been brought. 28 U.S.C. § 1406(a); Dist. No. 1, Pac. Coast Dist. v. State of Alaska, 682 F.2d 797, 799 (9th Cir.1982). Even if the court determines that venue is proper, it may still transfer for the convenience of parties and witnesses, in the interest of justice. 28 U.S.C. § 1404(a). In either case, the decision to transfer rests in the discretion of the court. See King v. Russell, 963 F.2d 1301, 1304 (9th Cir. 1992).

**III. DISCUSSION**

    **A. TITLE VII CLAIMS**

Plaintiff's first and third claims allege that Defendants failed to promote him on account of his race and retaliated against him for submitting EEOC complaints. Venue in federal actions generally is determined under 28 U.S.C. § 1391. However, Title VII has its own special venue statute, which provides that such an action "may be brought [1] in any judicial district in the State in which the unlawful employment practice is alleged to have been committed, [2] in the judicial district in which the employment records relevant to such practice are maintained and administered, or [3] in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice. . . ." 42 U.S.C. § 2000e-5(f)(3). If none of these provisions is applicable, venue may be found where "the respondent has his principal office." Id.; Johnson v. Payless Drug Stores Northwest, Inc., 950 F.2d 586, 587-88 (9th Cir. 1991) (holding that 42 U.S.C. § 2000e-5(f)(3) is the appropriate venue statute for actions brought under Title VII).

Here, the three salient considerations under section 2000e-5(f)(3) establish that venue is not proper in this District. Rather, venue for Plaintiff's Title VII claims lies in the Eastern District of Virginia. First, all of the allegedly unlawful practices took place in Virginia. The Complaint expressly alleges that "all promotion decisions, including denial of promotions applied for . . . were made *in Norfolk, Virginia*." Compl. ¶ 8 (emphasis added); id. ¶ 61 ("Members of the Promotion Board *in Virginia* at the [MSFSC] from 2004 to the present *always* made the decision of who to promote and who not to promote.") (emphasis added). Second, all of Plaintiff's employment records also are presently maintained in Norfolk, Virginia. Spano Decl. ¶¶ 3-4. The final consideration under section 2000e-5(f)(3), where Plaintiff worked or would have worked is inapplicable because Plaintiff's place of employment is "at sea." Compl. ¶¶ 53-54. Thus, none of the relevant venue criteria establishes venue in this District.

Plaintiff tacitly concedes that venue does not lie in this District, but instead, argues that venue *is* proper in the Southern District of California. See Pl.'s Opp'n at 6.[2] Though conceding that his personnel records are maintained in Virginia, Plaintiff argues that he "worked out of and received his orders in San Diego, California . . . and would have continued to work out of San Diego (with a residence in Oakland) had he been promoted." Id. at 8. Plaintiff also emphasizes that he reports to, receives his orders from and is dispatched out of San Diego, and stays there during the two weeks prior to leaving port. Pl.'s Opp'n at 7; Boudouin Decl. ¶¶ 12-14, 17. These assertions, even if true, have no bearing on where he "would have worked but for the alleged unlawful employment practice[.]" 42 U.S.C. § 2000e-5(f)(3). Plaintiff sought the position of Master, i.e., the first in command on a ship. Had Plaintiff received such a promotion, he would have continued to work *at sea*. See Pl.'s Opp'n at 8.[3] Thus, whether he was deployed or returned to San Diego is inapposite to the question of where he would have "worked," as he did not work at the port. 42 U.S.C. § 2000e-5(f)(3).

Equally without merit is Plaintiff's new assertion that the decisions that form the basis of his claims were not made in Virginia. Pl.'s Opp'n at 7-8. Specifically, Plaintiff argues that he is employed by the Military Sealift Command, which is part of the United States Department of Defense which, in turn, is headquartered in Washington D.C. Boudouin Decl. ¶ 10. He further claims that "[t]he admiral at the Washington D.C. United States Department of Defense has the final say on, and must approve, who and how many Masters or chief engineers are promoted, upon recommendation from Virgina." Id. ¶ 16; Pl.'s Opp'n at 7-8. These assertions directly contradict allegations of the Complaint wherein Plaintiff unequivocally alleges that "[a]ll promotion decisions, including denials of promotions applied for . . . *were made in Norfolk, Virginia*." Compl. ¶ 8; see also id. ¶ 61. But even if what

---

[2] Plaintiff states that venue "is proper in the Southern District of California *and possibly*, in this Court's discretion, also in the Northern District of California." Pl.'s Opp'n at 6 (emphasis added, initial capitalization omitted).

[3] Had Plaintiff had been promoted to Master, his "official duty station" would have been in Virginia, not San Diego. Spano Decl. ¶ 6.

1 Plaintiff now claims in his declaration were true, he ignores that his burden is to establish that
2 venue is proper in *this District*, not elsewhere.

   **B.    AGE DISCRIMINATION UNDER THE ADEA**

Unlike Title VII, ADEA claims are subject to the general venue provision set forth in 28 U.S.C. § 1391(e).  See Rebar v. Marsh, 959 F.2d 216, 219 (11th Cir. 1992) (applying general venue provision to ADEA).  Under the general venue statute, actions against an officer or employee of the United States acting in his official capacity may be brought where (1) a defendant in the action resides, (2) a substantial part of the events giving rise to the claim arose, or (3) the plaintiff resides.  See 28 U.S.C. § 1391(e).  Plaintiff's ADEA claim may thus be brought either in the Eastern District of Virginia (where Defendants reside and where a substantial part of the events occurred) or in the Northern District of California (where plaintiff resides).

Federal courts have taken slightly different approaches to venue when confronted with the situation where, as here, a Title VII claim is joined with claim subject to the general venue statute, such as the ADEA.   Some courts have ruled that such a lawsuit must proceed where venue exists for both claims.  See Albright v. W.L. Gord & Assocs., Inc. 2002 WL 1765340 at *4 (D. Del., July 31, 2002) ("Although venue for the ADEA claims is covered by a different statute, courts have consistently held that when ADEA claims are presented simultaneously with an ADA or Title VII claim, the lawsuit must be filed in the judicial district where venue is proper for both claims.").  Other courts have determined venue based on the claim subject to the more restrictive venue provision.  See Dehaemers v. Wynne, 522 F. Supp. 2d 240, 249 (D. D.C. 2007) ("when a plaintiff brings a Title VII action, which is covered by Title VII's restrictive venue provision, as well as an action governed by the general venue provision, the narrower venue provision of § 2000e-5(f)(3) controls.") (citations omitted).  Under either approach, venue is proper in the Eastern District of Virginia, which is where venue for Plaintiff's Title VII claims is proper, and where venue is proper as to *both* Plaintiff's Title VII and ADEA claims.

### C. DISMISSAL OR TRANSFER UNDER 28 U.S.C. § 1406

Where a case is filed in the wrong venue, the district court has the discretion either to dismiss the case or transfer it to the proper federal court "in the interest of justice." 28 U.S.C. § 1406(a); Dist. No. 1 Pac. Coast Dist, 682 F.2d at 799 n.3. Here, Defendants request that the Court dismiss the action without prejudice or transfer the action to the Eastern District of Virginia, where venue is proper as to all claims. Defs.' Mot. at 11. Plaintiff requests that the Court "maintain jurisdiction in California, either in the Southern of California, or, alternatively, in the Northern District of California." Pl.'s Opp'n at 17. However, to the extent the Court is inclined to change venue, Plaintiff requests that the Court transfer the action rather than dismiss it. Id.[4] In view of Plaintiff's request, coupled with the fact that all of Plaintiff's claims arise from the same operative facts, the Court will transfer the case to that district in the interests of justice.[5]

## IV. CONCLUSION

For the reasons stated above,

IT IS HEREBY ORDERED THAT Defendants' alternative motion to transfer venue is GRANTED. In the interest of justice and pursuant to 28 U.S.C. § 1406(a), this action is TRANSFERRED to the United States District Court for the Eastern District of Virginia. The Clerk of the Court shall transfer the case forthwith. Any remaining matters are TERMINATED on this Court's docket as no longer pending in this District.

---

[4] Plaintiff's request is misplaced to the extent that he is seeking to "maintain jurisdiction" in California, since the instant motion pertains to venue, not jurisdiction. Also, because Plaintiff commenced the action in the Northern District of California, the Court cannot "maintain" venue in the Southern District of California. If the Court had concluded that venue is proper the Southern District of California—which it has not—the action still would have to be transferred to that district. Thus, the Court interprets Plaintiff's request to mean that he prefers a transfer over dismissal in the event the Court finds that venue is not proper here or in the Southern District of California.

[5] Given the Court's decision that venue is not proper in the Northern District of California, the remaining issues, which are more substantive in nature, are more appropriately resolved in the transferee forum.

1 | IT IS SO ORDERED.
2 | Dated: March 4, 2010

_____
SAUNDRA BROWN ARMSTRONG
United States District Judge